Staples, J.,
delivered the opinion of the court.
It appears to the court that the appellant paid the sum of one thousand and fifty dollars in October, 1860, toward the purchase money of the land in his possession. This left a balance of one thousand and fifty dollars, for which he executed three bonds of three hundred and fifty dollars each, payable the 1st of October, 1861,1862 and 1863. One of these bonds, that maturing in 1862, was assigned to Shacklett & Gibbons, and is the subject of controversy here. The other two were retained, or so much of them as was necessary, to discharge the lien held by Harvey Anderson. It was, however, provided in the decree of November, 1860, that Anderson should not be paid until the bonds held by him were filed among the papers of the cause. 'Whether they were ever filed, or whether Anderson has been paid, does not distinctly appear, nor is it important now to inquire. The amount due him was to be paid out of the appellant’s bonds executed to Warren as trustee, and left in the hands of the latter for that purpose. If the appellant has made the payment to Warren, such payment protects Mm against Anderson’s claim, whether the latter received the money or not, because Warren was fully authorized to collect and pay over the amount due by the appellant. If War *105 ren has misapplied the money, Anderson must look to him and not to the appellant.
It is worthy of notice, however, that neither in his original hill nor in Ms bill of review, does the appellant directly assert that he has paid to Warren, or any one else, the bonds set apart for the benefit of Anderson. Nor has he offered any proof of such payment. The record contains no evidence even tending to show the fact. If the appellant has not paid his bonds, then he has in Ms own hands ample security against Anderson’s lien. The amount still due by him and which cannot be diverted, is sufficient to discharge that lien, winch has priority over all other encumbrances.
The court is therefore of opinion that the appellant has no claim to relief against the judgment of the appellee by reason of the existence of the lien, if such there be, to winch Harvey Anderson, or those claiming under him, are entitled.
It further appears to the court that Mrs. Hannah Applegate is not entitled to dower in the land held by the appellant, or in the proceeds of the sale thereof. She was a party to the suit in which the decree of November, 1860, was rendered, and whether she is or is not bound by that decree, it seems that she, or her husband, only paid the sum of five hundred and ninety-two dollars, which was applied to the deed of trust executed by Blain to secure the debt due William Warren. After satisfying the liens upon the land paramount to any claim which she or her husband might assert, there was no surplus upon which her claim of dower could attach. If there was any such surplus it was too small in amount to be taken into account either for the benefit of Mrs. Applegate or as affording just ground for complaint on the part of the appellant.
*106 The court is therefore of opinion that the appellant is not entitled to relief- against the judgment by reason of any supposed claim of Mrs. Applegate to dower in the lands or in the proceeds of sale thereof.
It further appears to the court that in September, 1853, Samuel Wheelbarger and wife sold and conveyed the land now held by appellant to John Blain, at the price of twenty-one hundred dollars; of which seven hundred and fifty dollars were paid in hand. To secure the residue of the purchase money, a lien was reserved on the land by Wheelbarger, and the bonds of the purchaser given, one for $250 payable on demand, two for $200 each, payable 1st of March, 1854 and 1855, one for $100, payable the 1st of September, 1855, and three others for $200 each, payable the 1st of March, 1856, 1857 and 1858. It seems that the three last mentioned bonds were assigned, two of them to Anderson, and the other to E. T. II. Warren, ánd were the subject of the suit brought by Anderson and Warren, in which the decree of November, 1860, was rendered. It does not appear what has become of the other bonds executed by Blain to Wheelbarger. Itis veryprobable they have been long since paid. At all events, no question touching them is raised by this récord. The appellant does not say they are still due; nor does he make any complaint that they constitute a lien on the land, or in any manner affect his title, if they have been satisfied, and it must be so assumed for the purposes of this case, Blain has paid about fifteen hundred dollars of the purchase money; to that extent he had a perfect title to the land, subject only to the liens of the bonds held by Anderson and Warren. The question is whether his widow is entitled to dower, either in the land or in the proceeds of sale remaining after satisfying the amount due Anderson and Warren, she not having been a party to the suit in *107 which the appellant became the purchaser, and so far as this record shows, not having relinquished any claim or interest she might have. .
Under the decision of this court in the case of Wilson et als. v. Davisson, 2 Rob. R. 384, it is clear that she would not be entitled to dower in the land nor in the proceeds of sale, as against the purchaser at a judicial sale. At the revisa! of 1849, the legislature, in view of the decision in Wilson v. Davisson, adopted the following provision (Code of 1849, chap. 110, sec. 3): “Whereland is bona fide sold in the lifetime of the husband to satisfy a lien or encumbrance thereon, created by deed, in which the wife has united, or created before marriage, or otherwise paramount to the wife, she shall have no right to be endowed in said land. But if a surplus of the proceeds remain after satisfying the said lien or encumbrance, and a court of equity have jurisdiction of the case, it may make such order as may seem to it proper to secure her right.” It seems that this section was reported by the revisors without tire last clause; so as to conform the law to the opinion of the majority of the judges in Wilson v. Davisson. The legislature added the last clause, which conforms to the opinion of Judge Allen, who dissented in that ease. Code of 1849, chap. 110—note. The object of the statute seems to be to provide for a case in which the land is sold in the lifetime of the husband, when the wife has a mere contingent right of dower. Whether the wife ought not to be a parly to the suit brought to enforce the lien or encumbrance, and if so, whether she is concluded by the decree; whether the court is bound to make an order at all events for the protection of her rights, or whether it has a discretion on the subject; and whether, if the court fails to make such order and directs the surplus to be paid to the husband or distributed among his creditors, the *108 wife has, after the death of the, husband, any remedy, and if so, what it is, are difficult questions which do not arise in the present aspect of the case, and ought not now to be passed upon. One thing would seem, however, to be very clear, that the land is not liable in the hands of the purchaser, nor is he bound to see to the application of the purchase money, or that an order is entered for the protection of the rights of the wife in the event of her surviving the husband. Daniel v. Leitch, 13 Gratt. 195, 211; Jones v. Tatum, 19 Gratt. 720.
In the suit brought by Anderson & Warren against Blain and Applegate and wife, to enforce their lien as assignees of Wheelbarger, Mrs. Blain was not made a party; .nor does it appear that any order ivas entered for the protection of her contingent right of dower. The decree merely directs that Warren, who was appointed receiver, should collect the purchase money from the appellant, and after paying the costs of suit, he should pay the plaintiffs according to their priorities—pay the amounts due from John and Hannah Applegate, and the remainder to be distributed according to the rights of the parties. It would seem, as already stated, that the appellant has paid all the purchase money except the bond in controversy, and the amount set apart to discharge the Anderson lien. It may be that he has also satisfied the latter. Whether he has or not, Anderson’s claim has priority over all others, and the appellant may safely so apply the reserved fund. So that the only part of the proceeds of sale unpaid, to which the dower, claim of Mrs. Blain can attach, is the bond in controversy. Whether she has any valid claim to that fund, is a question between her and the appellee Henry Shacklett, and not between her and the appellant. Whether the appellant, knowing that she is still surviving her husband, and may assert her claim to the fund in controversy, is bound *109 at Ms peril to take notice of that claim, is a question we are not called on to decide. He is certainly not bound to incur the hazard of a controversy with Mrs. Blain after having paid the appellee. He has the right, if he pleases, to bring the respective claimants before the court, that they may litigate the question between them, and that the court may decide who has the preferable right to the fund. Mrs. Blain being interested in the subject of controversy, a due regard for her rights required she should be heard before the payment to the appellee.
It can make no difference that the appellant was a purchaser at a judicial sale. By the terms of the contract between Mm and Warren and Applegate, the appellant was entitled to a deed with general warranty from Applegate and wife. TMs contract was confirmed by the court, none of the parties making objection. The appellee in tailing an assignment of the bond must of course take it subject to all the equities attaching to it in the hands of the original parties, but if there had been no contract for a general warranty deed, the appellant would be entitled to have it judicially determined wMch of the parties has the best right to the subject of controversy.
He has, however, failed to make Mrs. Blain a party to Ms suit, as it was incumbent upon Mm to do. This omission can be remedied by an amended bill bringing her before the court, and containing such averments as will properly present the issue between her and the appellee. The record of the suit of Anderson and Warren v. Blain, Applegate and wife, is filed as an exhibit in tins case. It is not certain it is a complete record. If it is, no final decree has ever been rendered in the cause, and it is yet pending in the court below.
*110 The more regular course for the appellant to have pursued would have been to file his petition in that cause and to have brought- his case to a hearing in connection with it. This defect is, however, not a radical one; the difficulty, if such it be, can he obviated by treating the present hill as a mere adjunct of the original cause and in the nature of a petition. The decree of the circuit court must he reversed and the case remanded to that court for further proceedings in conformity with the views herein expressed. The appellant has leave to amend his hill by making Mrs. Blain and the parties to the originial cause also parties to this suit, so that the two cases may he heard together and- a final decree entered adjudicating the rights of all the parties.
The decree was as follows:
This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that John Blain, by the deed of conveyance from Samuel "Wheelbarger and wife and payment of part of the purchase money, acquired such title to tire land held by the appellant, as may entitle his widow to dower in the proceeds remaining after satisfying the lien of said "Wheelbarger, or those claiming under him, stipulated to be paid by the appellant. She is, therefore, interested in the subject matter of controversy, and ought to have been before the court before a' final adjudication of the questions raised by the appellant’s bill. And the said circuit court, instead of dismissing said bill, ought to have required the appellant to amend the same by making her a party to Ms suit, and *111 tlie said bill so amended ought to have been treated as a petition in the case of Anderson & als. v. Applegate & wife, and heard in connection therewith, and as a part of said cause.
The court is further of opinion, that the errors aforesaid were properly the subject of the bill of review filed by the appellant, and the said circuit court, instead of dismissing said bill, ought to have retained the same, and upon a final hearing to have reversed the decree dismissing the said original bill, and thereupon proceeded to adjudicate the rights of the parties according to the principles herein announced.
"Wherefore, for the error aforesaid, it is decreed and ordered that the said decrees of the circuit court dismissing the bill of review and the original lull, be reversed and annulled, and that the appellee, Shacklett, recover against the appellant his costs by him expended in the defence of the appeal aforesaid here, he being the party substantially prevailing.
And this court, proceeding to render such decree as the said circuit court ought to have rendered, it is ordered that the appellant have leave to amend his bill by making Mrs. Blain, as also the persons who were parties in the case of Anderson and others v. Applegate and others, parties to tins suit, and said amended bill be treated and held as a petition in the case aforesaid, and heard in connection therewith; and the said circuit court, upon the case as presented, will adjudicate the rights of the parties and.rencler such decree as may be just in the premises ; which is ordered to be certified to the said circuit- court of Rockingham county.
Decree reversed, loith costs to the ceppellee.